UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARA JANE SABBAGH, | : |
| Plaintiff, | : CIVIL ACTION NO. 3:12-cv-449 (SRU) |
| v. | : |
| CHASE HOME FINANCE, LLC, J.P. MORGAN CHASE, N.A. | : |
| Defendants. | : |
| | : MAY 15, 2013 |

### AMENDED RULE 26(f) REPORT

Date Complaint Filed:   This action was filed on March 30, 2012

Date Complaint Served:   The Defendant was served on April 4, 2012.

Date of Defendant's Appearance:   April 16, 2012.

Pursuant to Fed. R. Civ. R. 16(b), 26(f), D. Conn. L. Civ. R.16, and the request of this Court, a conference was held on or about May 8, 2013. The participants were:

for the Plaintiff:   James J. Healy

for the Defendant:   Brian D. Rich

### I.   CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

The Plaintiff maintains that subject matter jurisdiction is conferred pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between parties, see 28 U.S.C. § 1367.

### B. Personal Jurisdiction

The Defendant does not intend to contest personal jurisdiction.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

The Plaintiff intends to seek leave to file a proposed Second Amended Complaint on May 15, 2013. The Plaintiff's proposed Second Amended Complaint will allege that the Defendant, inter alia, instructed the Plaintiff to stop making her mortgage payments to attempt a loan modification, failed to honor agreements made with the Plaintiff, failed to credit payments made by Plaintiff to her account, provided false information to Plaintiff, failed to provide accurate information to Plaintiff concerning her account, denied Plaintiff access to her account, and delayed the modification of Plaintiff's loan.

As a result of these alleged actions, the Plaintiff will allege various causes of action, including violation of Connecticut Unfair Trade Practices Act, C.G.S. § 42-110b(a) ("CUTPA"), beach of contract, and other common law tort claims. The Plaintiff will seek compensatory damages, treble damages, punitive damages, attorney's fees and costs, and such other relief as this Court deems just, equitable, and proper.

### B. Defenses and Claims of Defendant

The Defendant asserts that the claims in this case are barred under various doctrines, including but not limited to the absence of any valid third party beneficiary theory, the federal holder

in due course doctrine, and various provisions of Connecticut law. To the extent that those legal arguments do not prevail, the Defendant intends on presenting evidence rebutting the factual assertions of the Plaintiff. Additionally, on information and belief, the Defendant also disputes the extent of injuries and damages claimed by the Plaintiff and causation of these claimed injuries. The Defendant reserves the right to present additional defenses upon receipt and review of the Plaintiff's Amended Complaint, if that pleading is permitted by this Court.

### C.     Defenses and Claims of Third Party

Not Applicable.

### IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. There are no undisputed facts at this time.

### V.     CASE MANAGEMENT PLAN

#### A.     Standing Order on Scheduling in Civil Cases

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

#### B.     Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order.

#### C.     Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3. Not applicable.

   4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  **D.** **Joinder of Parties and Amendment of Pleadings**

   1. Plaintiff should be allowed until May 15, 2013 to file motions to amend the pleadings. Defendant shall file any objection to such motion by June 5, 2013.

   2. Defendant should be allowed until June 14, 2013 to file motions to join additional parties and until August 1, 2013, or twenty-one (21) days from the date of any ruling on any objection to the motion to amend the pleadings, whichever is later.

  **E.** **Discovery**

   1. The parties anticipate that discovery will be needed on the following subjects: (a) the facts alleged in the Complaint; (b) damages; and (c) any defenses raised by the Defendant.

   2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately, and fact discovery will be completed (not propounded) by February 3, 2014.

   3. Discovery will not be conducted in phases.

   4. The parties anticipate that the Plaintiff will require a total of 6 depositions of fact witnesses and that the Defendant will require a total of 3 depositions of fact witnesses. The depositions will commence immediately and be completed by February 3, 2014.

   5. The parties may ask permission to serve more than 25 interrogatories.

   6. The Plaintiff may call expert witnesses at this time. If the Plaintiff intends to call an expert, the Defendant proposes that they will designate all such experts and provide expert reports by March 3, 2014. Defendant will take depositions of any disclosed expert by April 18, 2014.

7. The Defendant may call expert witnesses at this time. If the Defendant elects to call any experts, they will designate all such experts and provide expert reports by April 1, 2014. The Defendant proposes that the Plaintiff will depose any such disclosed experts by May 16, 2014.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 1, 2014.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. At this time, the parties do not anticipate any issues relating to electronically stored data.

10. The Parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. At this time, the parties do not anticipate any such discovery issues.

**F.  Dispositive Motions**

Any dispositive motions will be filed on or before July 18, 2014.

**G.  Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 18, 2014 (or one month after the Court's decision on dispositive motions, whichever date is later).

## VI. TRIAL READINESS

The case will be ready for trial by September 15, 2014 (or one month after the Court's decision on dispositive motions, whichever date is later.)

## VII. LOCAL RULE STATEMENT

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

The parties may hereafter request a modification of the deadlines set forth above.

PLAINTIFF

By: /s/ Steven D. Ecker ct03762      Date: 5/15/13
Steven D. Ecker
James J. Healy
Cowdery, Ecker & Murphy, L.L.C.
280 Trumbull Street
Hartford, Connecticut 06103
(860) 278-5555
(860) 249-0012 Fax
ecker@cemlaw.com
jhealy@cemlaw.com

Counsel for Plaintiff

DEFENDANT

By: /s/ Brian D. Rich      Date: 5/15/13
Brian D. Rich
Halloran & Sage LLP
225 Asylum Street
Hartford, Connecticut 06103
(860) 522-6103
(860) 548-0006 Fax
rich@halloran-sage.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

   I hereby certify that on May 15, 2013, I caused a copy of foregoing Amended Rule 26(f) Report to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                  /s/ Steven D. Ecker ct03762
                  Steven D. Ecker