UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAH JANE SABBAGH )<br>)<br>Plaintiff )<br>)<br>VS. )<br>)<br>JPMORGAN CHASE BANK, N.A. )<br>)<br>Defendant )<br>) | CIVIL ACTION<br>NO. 3:12-cv-00449<br><br><br><br><br>NOVEMBER 7, 2013 |

### DEFENDANT'S ANSWER AND SPECIAL DEFENSES

The Defendant, JPMorgan Chase Bank, N.A., hereby responds to the Plaintiff's Second Amended Complaint, dated May 21, 2013, as follows:

### PARTIES

1. It is admitted that the Plaintiff Sara Jane Sabbagh is the borrower on a loan secured by a mortgage on the residence and property located at 168 Hungary Road, Granby, Connecticut (the "Property"). It is further admitted that the loan was and is serviced by JPMorgan Chase Bank, N.A. To the extent further response is required, the Plaintiff is left to her proof.

2. The allegations contained in Paragraph 2 are admitted.

### JURISDICTION AND VENUE

3. Chase denies that the amount in controversy exceeds $75,000. The remaining allegations of Paragraph 3 are admitted.

4. The allegations contained in Paragraph 4 are admitted.

5. The allegations contained in Paragraph 5 are admitted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### Mortgage Loan[1]

6.  It is admitted that the Plaintiff and Stefan Sabbagh secured a mortgage loan through Chase for the Property and that the initial monthly payment on this loan was $2,722.92. To the extent further response is required, the Plaintiff is left to her proof.

7.  As to the allegations of Paragraph 7, the Plaintiff is left to her proof.

8.  As to the allegations of Paragraph 8, the Plaintiff is left to her proof.

### Loan Modification Application

9.  It is admitted that the Plaintiff completed an application to Chase for a loan modification. To the extent further response is required, the Plaintiff is left to her proof.

10. The allegations contained in Paragraph 10 are denied.

11. It is admitted that Chase denied the Plaintiff's initial application for loan modification. To the extent further response is required, the Plaintiff is left to her proof.

12. As to the allegations of Paragraph 12, the Plaintiff is left to her proof.

13. It is admitted that Chase is a participating mortgage company of the federal government's "Home Affordable Modification Program" ("HAMP"). To the extent further response is required, the Plaintiff is left to her proof.

14. As to the allegations of Paragraph 14, the HAMP guidelines are set forth in a document entitled Making Home Affordable Program Handbook for Servicers of

---

[1] While Chase has incorporated the titles as set forth in the Plaintiff's Second Amended Complaint for the ease of reference, Chase expressly disputes the substance of the titles and the Plaintiff's characterization of the events and circumstances.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Non-GSE Mortgages (the "Handbook"), the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

15. The allegations contained in Paragraph 15 are denied.

16. As to the allegations of Paragraph 16, the Plaintiff is left to her proof.

**Chase Induces Plaintiff to Default on Mortgage to Obtain Loan Modification**

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

19. As to the allegations of Paragraph 19, the HAMP guidelines are set forth in the Handbook, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

20. As to the allegations of Paragraph 20, the Plaintiff is left to her proof.

21. It is admitted that the Plaintiff did not make her September 2009 monthly mortgage payment and that her escrow account subsequently had a negative balance. To the extent further response is required, the Plaintiff is left to her proof.

22. It is admitted that between September 22, 2009 and October 11, 2009, the Plaintiff contacted Chase. It is denied that Chase gave the Plaintiff conflict and misleading information. To the extent further response is required, the Plaintiff is left to her proof.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

25. It is admitted that Chase and the Plaintiff discussed her tax information and Chase requested updated information from the Plaintiff. To the extent further response is required, the Plaintiff is left to her proof.

26. As to the allegations in Paragraph 26, the Plaintiff is left to her proof.

27. As to the allegations in Paragraph 27, the Plaintiff is left to her proof.

28. As to the allegations in Paragraph 28, the Plaintiff is left to her proof.

### Trial Modification

29. It is admitted that on or about October 23, 2009 the Plaintiff was approved for a loan modification and, that based upon the information provided, the new monthly payment was $2,227.18. To the extent further response is required, the Plaintiff is left to her proof.

30. It is admitted that Chase sent a letter to the Plaintiff enclosing a Hamp Trial Period Plan (the "Modification Documents"), the terms of which speak for themselves. Chase objects to the characterization of modification as "the Trial Modification". To the extent further response is required, the Plaintiff is left to her proof.

31. It is admitted that Chase received certain "Modification Documents" and the Plaintiff's first payment purportedly made thereunder in November 2009. To the extent further response is required, the Plaintiff is left to her proof.

32. As to the allegations of Paragraph 32, the Plaintiff is left to her proof.

33. The Defendant denies providing misleading and conflicting information. To the extent further response is required, the Plaintiff is left to her proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

34.  It is admitted that Chase sent the Plaintiff certain loan modification documents, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

35.  It is admitted that Chase sent the Plaintiff certain loan modification documents, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

36.  It is admitted that Chase sent the Plaintiff correspondence, dated May 25, 2010, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

### Chase Wrongfully Refuses to Correct its Error in Final Modification

37.  It is admitted that Chase sent the Plaintiff certain correspondence regarding her escrow balance, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

38.  As to the allegations of Paragraph 38, it is denied that Chase informed the Plaintiff that Chase had relied on incorrect tax information in calculating the "Final Modification." Chase further disputes the Plaintiff's characterization of the "Final Modification." To the extent further response is required, the Plaintiff is left to her proof.

39.  As to the allegations of Paragraph 39, it is denied that Chase informed the Plaintiff that it made a mistake. It is admitted that Chase told the Plaintiff that Chase was unable to change the agreement. The "Final Modification" is a writing, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

40. It is admitted that Chase received a call from the Plaintiff in November 2010 in which she asked that Chase lower her interest rate to 2% and rework the modification using new tax information. Chase further advised the Plaintiff that the Plaintiff needed to provide the tax department with any updated tax information and that without a bill the details will not be updated. To the extent further response is required, the Plaintiff is left to her proof.

41. It is admitted that an employee of Chase spoke to the Plaintiff on December 2, 2010 and he told her that Chase would re-review for a modification due to the tax issue but that Chase would require new documents to which the Plaintiff agreed. To the extent further responses is required, the Plaintiff is left to her proof.

42. It is admitted that Chase requested additional documents from the Plaintiff in furtherance of the re-review of her modification. To the extent further response is required, denied.

43. It is admitted that Chase contacted the Plaintiff on December 21, 2010 to advise her that her application had been denied. To the extent further response is required, denied.

44. It is admitted that Chase spoke with the Plaintiff and advised her that the terms of the modification are final and Chase was unable to modify the terms. To the extent further response is required, denied.

45. It is admitted that Chase spoke to the Plaintiff on various occasions including January 7, 2011 and January 14, 2011. To the extent further response is required, denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

46. As to the allegations of Paragraph 46, the Plaintiff is left to her proof.

47. It is admitted that Chase spoke with the Plaintiff on February 7, 2011 and advised her that Freddie Mac and Chase were unable to adjust the terms of the modification. To the extent further response is required, denied.

48. The allegations contained in Paragraph 48 are denied.

49. As to the allegations of Paragraph 49, the Plaintiff is left to her proof.

50. As to the allegations of Paragraph 50, the Plaintiff is left to her proof.

51. As to the allegations of Paragraph 51, the Plaintiff is left to her proof.

52. The allegations contained in Paragraph 52 are denied.

### Corrected Modification

53. It is admitted that Chase sent the Plaintiff certain documents regarding a modification, the terms of which speak for themselves. Chase disputes the Plaintiff's characterization of these documents as the "Corrected Modification." To the extent further response is required, the Plaintiff is left to her proof.

54. The Plaintiff refers to two documents, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

55. The allegations of Paragraph 55 are denied.

56. As to the allegations of Paragraph 56, the Plaintiff is left to her proof.

57. As to the allegations of Paragraph 57, the Plaintiff is left to her proof.

58. The allegations contained in Paragraph 58 are denied.

59. As to the allegations of Paragraph 59, the Plaintiff is left to her proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

60. It is denied that Chase told the Plaintiff her payments were being held in suspense and were not being applied to her account. To the extent further response is required, the Plaintiff is left to her proof.

61. As to the allegations of Paragraph 61, the Plaintiff is left to her proof.

**Chase Wrongfully Refuses to Honor Corrected Modification**

62. The allegations contained in Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 are denied.

64. The allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 are denied.

66. The allegations contained in Paragraph 66 are denied.

67. As to the allegations contained in Paragraph 67, the Plaintiff is left to her proof.

68. The allegations contained in Paragraph 68 are denied.

69. As to the allegations contained in Paragraph 69, the Plaintiff is left to her proof.

70. As to the allegations contained in Paragraph 70, the Plaintiff is left to her proof.

71. It is admitted that Chase sent the Plaintiff certain correspondence regarding the modification, the terms of which speak for themselves. The allegations remaining allegations are denied.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

72. It is admitted that Chase sent the Plaintiff certain correspondence regarding the modification, the terms of which speak for themselves. The allegations remaining allegations are denied.

73. It is admitted that Chase sent the Plaintiff certain correspondence regarding the modification, the terms of which speak for themselves. To the extent further response is required, denied.

74. As to the allegations of Paragraph 74, the Plaintiff is left to her proof.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. It is admitted that the Plaintiff is unable to access her account electronically. To the extent further response is required, denied.

### Chase Has Wronged Other Consumers in Similar Ways

78. As to the allegations of Paragraph 78, the Plaintiff is left to her proof.

79. The allegations contained in Paragraph 79 are denied.

80. The allegations contained in Paragraph 80 are denied.

**COUNT ONE:** **VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA"), CONN. GEN. STAT. § 42-110b**

1-80. Chase incorporates by reference its responses to Paragraph 1-80 above, as if set forth fully herein.

81. The allegations contained in Paragraph 81 are admitted.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

84. The allegations contained in Paragraph 84 are denied.

**COUNT TWO:    BREACH OF CONTRACT**

1-84. Chase incorporates by reference its responses to Paragraph 1-84 above, as if set forth fully herein.

85. The "Trial Modification" is a document, the terms of which speak for themselves. To the extent further response is required, denied.

86. The allegations contained in Paragraph 86 are denied.

87. The allegations contained in Paragraph 87 are admitted.

88. The "Final Modification" is a document, the terms of which speak for themselves. To the extent further response is required, denied.

89. The allegations contained in Paragraph 89 are denied.

90. It is admitted that Chase received certain documents and payments which the Plaintiff purported to be pursuant to the "Final Modification." To the extent further response is required, denied.

91. The "Final Modification" is a document, the terms of which speak for themselves. To the extent further response is required, the Plaintiff is left to her proof.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied to the extent it assumes that Chase had obligations under the "Final Modification."

94. The "Corrected Modification" is a document, the terms of which speak for themselves. To the extent further response is required, denied.

95. The allegations contained in Paragraph 95 are denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

96. It is admitted that Chase received certain documents and payments which the Plaintiff purported to be pursuant to the "Corrected Modification." To the extent further response is required, denied.

97. The allegations contained in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied to the extent it assumes that Chase had obligations under the "Final Modification."

99. The allegations contained in Paragraph 99 are denied.

**COUNT THREE:   UNJUST ENRICHMENT**

1-84. Chase incorporates by reference its responses to Paragraph 1-84 above, as if set forth fully herein.

100. The allegations contained in Paragraph 100 are denied.

101. The allegations contained in Paragraph 101 are denied.

102. The allegations contained in Paragraph 102 are denied.

**COUNT FOUR:   NEGLIGENT MISREPRESENTATION**

1-84. Chase incorporates by reference its responses to Paragraph 1-84 above, as if set forth fully herein.

103. The allegations contained in Paragraph 103 are denied.

104. The allegations contained in Paragraph 104 are denied.

105. The allegations contained in Paragraph 105 are denied.

**COUNT FIVE:   CONVERSION**

1-106. Chase incorporates by reference its responses to Paragraph 1-106 above, as if set forth fully herein.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

107. As to the allegations in Paragraph 107, the Plaintiff is left to her proof.

108. It is admitted that when the Plaintiff made payments to Chase, Chase was entitled to take possession of such payments and, where appropriate, apply them to the Plaintiff's loan account.

109. As to the allegations of Paragraph 109, the Plaintiff is left to her proof.

110. The allegations contained in Paragraph 110 are denied.

111. The allegations contained in Paragraph 111 are denied.

112. The allegations contained in Paragraph 112 are denied.

**COUNT SIX:    INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS**

1-116. Chase does not respond to these allegations, as this count has been dismissed by order of the Court (Underhill, J.).

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are barred by the equitable doctrine of waiver.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are barred by the doctrines of accord and satisfaction.

THE DEFENDANT
JPMORGAN CHASEBANK, N.A.

By_____/s/_____
Brian D. Rich
Fed Bar No. ct24458
Meg R. Reid
Fed Bar No. ct28338
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
 Tele: 860-522-6103
 Fax: 860-548-0006
rich@halloran-sage.com
reid@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on 7th day of November, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Brian D. Rich

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105